IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES ANTHONY FLOYD**                                              **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 1:13cv512-KS-MTP**

**UNITED STATES OF AMERICA, et al.**                              **DEFENDANTS**

**REPORT AND RECOMMENDATIONS**

THIS MATTER comes before the Court on Defendants' Motion [47] for Summary Judgment and Plaintiff's Motions [45], [52] & [58] requesting miscellaneous relief. Having considered the submissions of the parties and the applicable law, the Court finds that Defendants's Motion [47] should be granted, and that Plaintiff's Motions [45], [52] & [58] should be denied.

**BACKGROUND**

Plaintiff Charles Anthony Floyd is currently incarcerated at South Mississippi Correctional Institution ("SMCI"). Floyd's claims arose during his incarceration at SMCI, and he filed the instant action pursuant to 42 U.S.C. § 1983 on or about February 3, 2013.[1] His claims and requested relief were clarified and amended through his sworn testimony at a *Spears*[2] hearing held on April 29, 2014.[3]

Floyd claims that he was denied adequate medical care while incarcerated at SMCI. He claims that prior to incarceration he was diagnosed with pernicious anemia,[4] which requires him to

---

[1] *See* Complaint [1] at 4.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[3] *See* Omnibus Order [42].

[4] Anemia is a condition in which the body does not have enough healthy red blood cells. Red blood cells provide oxygen to body tissues. Pernicious anemia is a decrease in red blood

1

have vitamin B-12 injections monthly.[5] Floyd also claims that he requires a "certification" of disability for his medical condition, believing that the certification will ensure future medical treatment. Floyd alleges that he has requested medical treatment by completing sick call requests and written letters, but that these have been denied. He alleges that when he does receive treatments, they are not routine, regular or timely. However, Floyd does not allege that he has suffered physical injury from lack of medical care, but states that pernicious anemia can cause permanent damage if left untreated, which causes him to worry.[6]

Floyd named Ron King, the then superintendent of SMCI, as well as Christopher Epps, the then Commissioner of the Mississippi Department of Corrections, as defendants in this suit. Floyd does not allege that either Defendant had any personal involvement in his medical treatment, but does claims that they are in a position to order the necessary medical examinations and the disability certification he desires.[7]

Floyd seeks monetary relief in the form of compensatory and punitive damages. He also seeks injunctive relief in the form of an order directing that he be assessed at a non-prison medical facility for the purpose of obtaining a "disability rating" and directing routine medical care.[8]

---

cells that occurs when the intestines cannot properly absorb vitamin B-12. MedlinePlus, **http://www.nlm.nih.gov/medlineplus/ency/article/000569.htm.** (Last visited January 30, 2015).

[5]*See* Omnibus Order [42] at 2.

[6]*Id.*

[7]*Id.* at 2-3.

[8]*Id.* at 3.

**STANDARD**

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**ANALYSIS**

Defendants' Motion for Summary Judgment

*Deliberate Indifference*

Floyd alleges that he received inadequate medical care at SMCI. A prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs. *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001). A plaintiff must meet an "extremely high" standard to show deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quotations omitted). For a prison official to be liable for deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*

*v. Brennan*, 511 U.S. 825, 837 (1994).

Deliberate indifference is particularly difficult to establish when the inmate was provided with ongoing medical treatment. "Unsuccessful medical treatments, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346 (citations omitted). Complaints that more treatment should have been ordered, without more, are insufficient to show deliberate indifference. *See Domino*, 239 F.3d at 756 ("[T]he decision whether to provide additional treatment is a classic example of a matter for medical judgment."). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

Floyd's testimony at the *Spears* hearing as well as his medical records from SMCI show that he has received ongoing medical treatment for his anemia. At the hearing, Floyd admitted that he received at least some medical treatment from prison officials.[9] Furthermore, Defendants have provided medical records that reflect Floyd has received vitamin B-12 shots nearly every month since early 2011.[10] Every sick call request in his file reflects that the sick call was answered and that Floyd's concerns were addressed.[11] Floyd's records also reflect that several tests were ordered to monitor the levels of iron and B-12 in his blood.[12] "Medical records of sick calls, examinations,

---

[9]*See* Omnibus Order [42] at 2.

[10]13, 19-39, 64. The records reflect that Floyd received cyanocaobalamin injections. This injection is used to treat and prevent lack of vitamin B-12. MedlinePlus, **http://www.nlm.nih.gov/medlineplus/druginfo/meds/a605007.html** (Last visited January 30, 2015).

[11]*See* Medical Records [50] at 10-12, 14, 16-18, 22.

[12]*Id.* at 57, 65.

4

diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (affirming district court's dismissal of inmate's deliberate indifference claims as frivolous); *Harris v. Epps*, 523 Fed. App'x 275, 275 (5th Cir. 2013) (per curium) (affirming summary judgment where inmate's medical records reflected that he had received ongoing medical treatment). The Court notes that Floyd has not responded to the motion for summary judgment or offered any evidence contradicting his medical records.

Although Floyd might be dissatisfied with SMCI's efforts to treat him, the record clearly indicates that he is being treated regularly. Floyd has presented no evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 75. Furthermore, Floyd admitted at the hearing that he has suffered no physical injury as a result of the Defendants' action, and that he only fears future injury.[13] Thus, any claim of delay of proper medical care cannot be maintained. See *Easter,* 467 F.3d at 463. As for Floyd's claim that he should receive a disability certification, it is well settled that a prisoner's disagreement with medical treatment does not establish deliberate indifference. *Gobert*, 463 F.3d at 346.[14]

*Respondeat Superior Liability*

---

[13]*See* Omnibus Order [42] at 2.

[14]The Court notes that Plaintiff cites the Americans with Disabilities Act ("ADA") in his complaint as a basis for relief. The ADA s divided into five titles. Plaintiff's claims are possibly relevant only as to Title II.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 28 U.S.C. § 12132. Here, Plaintiff is not asserting that he was denied access to a program on the basis of his disability; rather, he is claiming that he has a disability and requires medical care.

Defendants Ron King and Christopher Epps are former prisoner administrators, not medical personnel. Floyd admits that the Defendants took no part in his medical treatment. Thus, even if a constitutional violation had occurred, the Defendants could not have been liable for it under respondeat superior theory. *See, e.g., Bush v. Viterna*, 795 F.2d 1203, 1206 (5th Cir. 1986) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978)). Under Section 1983, a supervisor may only be found liable if he is personally involved in the constitutional deprivation or if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Accordingly, Defendants are entitled to judgment as a matter of law.[15]

Plaintiff's Motions

Floyd has three motions pending before the Court. Motion [45] restates Floyd's arguments and requests for relief. Motion [52] purports to object to the Omnibus Order [42], but does not identify any specific objections, and again appears to simply restate Floyd's requests for relief. Finally, Motion [58] is entitled as a motion to compel, but Floyd does not identify any documents that have been wrongfully withheld from him, and once more merely requests relief on the basis of the allegations in his complaint. Accordingly, for the reasons set forth *supra*, the undersigned finds that Motions [45], [52] & [58] should be denied.

---

[15]Although Defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999). Because the Court finds that the Plaintiff's claims are not cognizable as constitutional claims, it need not address the issue of whether the Defendants are entitled to qualified immunity.

6

**RECOMMENDATIONS**

For the reasons stated above, it is the recommendation of the undersigned that Defendants' Motion for Summary Judgment [47] be granted, that Plaintiff's Motions [45], [52] & [58] be denied, and that this action be dismissed with prejudice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 3rd day of February, 2015.

                                                   s/ Michael T. Parker
                                                   United States Magistrate Judge